1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9               FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   WILLIAM LEONARD IVY,                    No. C 12-02195 YGR (PR)

12             Petitioner,                   **ORDER DIRECTING RESPONDENT TO
                                             SHOW CAUSE WHY THE PETITION**
13       vs.                                 **SHOULD NOT BE GRANTED, AND
                                             DENYING MOTION FOR**
14   DANIEL PARAMO, Acting Warden,           **APPOINTMENT OF COUNSEL**

15             Respondent.

16   _____/

17       Petitioner, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28

18   U.S.C. § 2254.  He has paid the $5.00 filing fee.

19       On May 2, 2012, Petitioner filed a motion for appointment of counsel.  (Docket no. 3.)  The

20   Sixth Amendment right to counsel does not apply in habeas corpus actions.  *See Knaubert v.*

21   *Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986).  Title 18 U.S.C. § 3006A(a)(2)(B), however,

22   authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court

23   determines that the interests of justice so require" and such person is financially unable to obtain

24   representation.  The decision to appoint counsel is within the discretion of the district court.  *See*

25   *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert*, 791 F.2d at 728; *Bashor v. Risley*,

26   730 F.2d 1228, 1234 (9th Cir. 1984).  The courts have made appointment of counsel the exception

27   rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex

28   procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or

physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing

*United States District Court*
*For the Northern District of California*

**United States District Court**
For the Northern District of California

or in trying the claims; (5) cases in which petitioner is in no position to investigate crucial facts; and (6) factually complex cases. See generally 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383-86 (2d ed. 1994). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See Chaney*, 801 F.2d at 1196; *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir. 1965).

At this time, the Court is unable to determine whether the appointment of counsel is mandated for Petitioner. Accordingly, the interests of justice do not require appointment of counsel, and Petitioner's request is DENIED. This denial is without prejudice to the Court's sua sponte reconsideration should the Court find an evidentiary hearing necessary following consideration of the merits of Petitioner's claims.

In addition to considering Petitioner's motion for appointment of counsel, the Court has also reviewed Petitioner's petition for writ of habeas corpus. It does not appear from the face of the petition that it is without merit. Good cause appearing, the Court hereby issues the following orders:

1.      The Clerk of the Court shall serve a copy of this Order and the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this Order on Petitioner at his current address.

2.      Respondent shall file with this Court and serve upon Petitioner, within **one-hundred and nineteen (119) days** of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the Answer a copy of all portions of the relevant state records that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

3.      If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within **sixty-three (63) days** of his receipt of the Answer. Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision **sixty-three (63) days** after the date Petitioner is served with Respondent's Answer.

2

**United States District Court**
For the Northern District of California

1    4.    Respondent may file with this Court and serve upon Petitioner, within **sixty-three**

2  **(63) days** of the issuance of this Order, a motion to dismiss on procedural grounds in lieu of an

3  Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section

4  2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on

5  Respondent an opposition or statement of non-opposition to the motion within **sixty-three (63) days**

6  of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply

7  within **fourteen (14) days** of receipt of any opposition.

8    5.    It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court

9  and Respondent informed of any change of address and must comply with the Court's orders in a

10  timely fashion.  Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose

11  address changes while an action is pending must promptly file a notice of change of address

12  specifying the new address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint

13  when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not

14  deliverable, and (2) the Court fails to receive within sixty days of this return a written

15  communication from the *pro se* party indicating a current address.  *See* L.R. 3-11(b); *see also*

16  *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

17    Petitioner must also serve on Respondent's counsel all communications with the Court by

18  mailing a true copy of the document to Respondent's counsel.

19    6.    Extensions of time are not favored, though reasonable extensions will be granted.

20  Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the

21  deadline sought to be extended.

22    7.    This Order terminates Docket no. 3.

23    IT IS SO ORDERED.

24  DATED:   July 9, 2012    _____

25  **YVONNE GONZALEZ ROGERS**
     **UNITED STATES DISTRICT COURT JUDGE**

26

27

28