UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WILLIAM LEONARD IVY,<br><br>　　　　　Petitioner,<br><br>　vs.<br><br>DANIEL PARAMO, Warden,<br><br>　　　　　Respondent.<br>_____ / | No. C 12-02195 YGR (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY** |

　　　This matter is now before the Court for consideration of William Leonard Ivy's ("Petitioner") pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the writ should not be granted. Respondent filed an answer and a memorandum of points and authorities in support of it, and lodged exhibits with the court. Petitioner responded with a traverse. For the reasons set forth below, the Petition is DENIED as to all claims. In addition, no certificate of appealability will be issued.

## BACKGROUND

　　　On July 29, 2010, Petitioner pled no contest to being a felon in possession of a firearm, evading a peace officer with willful disregard for safety, possession of ammunition by a prohibited person, possession of a deadly weapon, misdemeanor possession of burglar's tools, misdemeanor driving under the influence of alcohol, misdemeanor resisting arrest, misdemeanor intercepting and divulging police radio communication, misdemeanor hit and run driving, misdemeanor possession of a hypodermic needle, and misdemeanor driving on a suspended license. Respondent's Exhibit ("Resp. Exh.") D at 4-6. Petitioner also admitted two prior strike convictions and five prior prison

term allegations. Resp. Exh. D at 5. On April 15, 2011, the court sentenced petitioner to a total term of 30 years to life in state prison. Resp. Exh. E at 32.

Petitioner appealed his conviction, but subsequently abandoned the appeal and requested that it be dismissed pursuant to a negotiated plea agreement in case no. SS102095A, then pending in Monterey County Superior Court. Resp. Exh. F.

Petitioner filed a petition for writ of habeas corpus in the Monterey County Superior Court, which was denied on November 28, 2011. Resp. Exh. C. Petitioner filed a subsequent habeas petition in the California Court of Appeal on December 20, 2011, which was summarily denied on December 29, 2011. Resp. Exh. G. A petition for review was summarily denied by the California Supreme Court on February 15, 2012. Resp. Exh. G.

The facts relevant to Petitioner's claim can be summarized as follows: On March 15, 2010, the prosecution filed a complaint charging Petitioner with committing four felony and eight misdemeanor offenses. Resp. Exh. C at 1. As to the felony offenses, it was alleged that Petitioner had six prison priors, one of them a battery where he inflicted serious bodily injury, and another for an assault with a deadly weapon. *Id.* The complaint was amended to allege a single prior strike conviction. Hab. Pet. Exh. C at 2. At the preliminary calendar call, the prosecution conveyed an offer of ten years and four months in state prison in exchange for Petitioner's plea of guilty. Resp. Exh. C at 1. Petitioner rejected the offer, alleging that his attorney advised him to do so because, at the time, the parties believed his maximum exposure was fifteen years in state prison. *Id.* at 1-2. The prosecution withdrew its offer after it became apparent that another of Petitioner's prison priors qualified as a prior strike conviction, and amended the complaint to reflect two prior "strikes" under the three strikes law. *Id.* at 1-2.

On July 29, 2010, Petitioner pled no contest to eleven of the twelve offenses alleged, and admitted five prison priors and the two strike priors. *Id.* at 2. The plea was reached with the understanding that the maximum penalty was thirty years to life in state prison. *Id.* Petitioner filed a *Romero* motion challenging the prior strike convictions, as well as a motion to withdraw his plea based on the ineffective assistance of counsel. *Id.* On April 15, 2011, the court denied both the motion to withdraw the plea and the *Romero* motion, and sentenced Petitioner to thirty years to life in

2

state prison with the possibility of parole. Resp. Exh. E at 15, 29, 32.

## STANDARD OF REVIEW

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *see Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations. *See Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falling under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. *Id.* at 409.

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *See Miller-El*, 537 U.S. at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06

(1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n. 2 (9th Cir. 2000). Thus, a federal court will "look through" the unexplained orders of the state courts rejecting a petitioner's claims and analyze whether the last reasoned opinion of the state court unreasonably applied Supreme Court precedent which; in this case, is the Monterey County Superior Court's order denying Petitioner's state habeas petition. *See Ylst,* 501 U.S. at 804-06.

## DISCUSSION

As grounds for federal habeas relief, Petitioner asserts that trial counsel was ineffective for rendering incompetent advice in connection with the prosecution's initial plea offer. Petition for Writ of Habeas Corpus ("Hab. Pet.") at 6, Supporting Facts ("SF") at 1-6.

### I. Ineffective Assistance of Counsel

Petitioner alleges that trial counsel was ineffective for failing to advise him to accept a plea offer of ten years and four months, and then informing the prosecutor about a second prior strike conviction, thereby causing him to withdraw the initial plea offer and exposing him to a maximum penalty of thirty years to life in state prison. *Id.*

#### A. Factual Background

At the preliminary calendar call, counsel informed the court that, based on her conversation with the prosecutor, it appeared that a second amended complaint would be filed alleging two prior strike convictions. Hab. Pet. Exh. C at 1. Counsel asked to waive time on the preliminary hearing because the case would be assigned to another attorney in the office, and additional time was needed to research the issue of the prior strikes. *Id.* The prosecutor agreed, informing the court that, initially, an amended complaint alleging a single prior strike conviction had been prepared, but that his office had just received a copy of another certified prior that also qualified as a prior strike, therefore he would be preparing a second amended complaint alleging two prior strike convictions. *Id.* at 2-3. By agreement of the parties, the court continued the matter for preliminary hearing. *Id.* at 2.

According to Petitioner, before his case was called he was approached by counsel with an offer for ten years in prison. Hab. Pet. at 6. Petitioner states that he did not reject the offer outright, but felt that it was too much; and his counsel agreed, stating that she would not take ten years either

4

because his cap was only fifteen. *Id.* at 6, SF at 1.  Following this exchange, Petitioner states that counsel briefly explained the offer to his girlfriend, then walked over to the prosecutor and handed him a sheet of paper. *Id.*  After looking at the paper, the prosecutor laughed and stated, "I did not see that...I'm trying for life now." *Id.*  Counsel then informed Petitioner that she could no longer represent him because she did not have the experience. *Id.*  Petitioner claims that counsel deliberately informed the prosecutor that one of his prior prison allegations also qualified as a prior strike conviction, and that the prosecutor "covered" for counsel's error by informing the court that his office had just received a copy of the certified prior conviction. *Id.* at 6, SF at 2.  Petitioner further claims that, had he known his true exposure, he would have accepted the initial ten year offer. *Id.*, SF at 3.

Petitioner's trial counsel responded to an inquiry from his appellate counsel asking for additional information regarding her representation of Petitioner at the trial level.  Hab. Pet. Exh. A at 1.  Counsel stated that she represented Petitioner for a total of nine days and appeared with him in court on one occasion. *Id.*  At that appearance, the prosecutor made an initial offer of ten years and four months in prison, which she conveyed to Petitioner, but could not recall whether he considered the offer or rejected it. *Id.* at 2.  While they were waiting for the judge to take the bench, the prosecutor withdrew the initial offer after informing counsel that he believed Petitioner actually had two prior strike convictions. *Id.*  Based on this information, the prosecutor stated that a second amended complaint would be filed and that the new offer was twenty-five years to life. *Id.*  Counsel stated that Petitioner's file was then assigned to a more experienced attorney who handled cases involving life exposure. *Id.*  Counsel did not recall any further conversations with the prosecutor regarding Petitioner's potential strike exposure, but stated that her usual practice was to inform a client of their maximum possible exposure under the current charges, and potential exposure based on additional charges that she believed were possible. *Id.* at 3.  Counsel did not recall the specifics of her advisement to Petitioner regarding the offer, nor could she remember whether he had made a final decision regarding the offer. *Id.*  In any event, counsel made it clear that the initial offer was withdrawn before the judge took the bench. *Id.*

**B. Superior Court Opinion**

5

The superior court rejected Petitioner's claim of ineffective assistance of counsel, finding that he failed to show that his counsel's performance fell below an objective standard of reasonableness. Resp. Exh. C at 3. The court found that counsel conveyed the initial offer according to the charges as filed at the time, and that Petitioner "made a calculated decision" to reject the initial offer and risk exposure to a greater term in the hope of getting something less than ten years. *Id.* The court attached no significance to Petitioner's allegation that counsel informed the prosecutor that one of his prison priors also qualified as a second prior strike conviction, as the information was apparent from the face of the complaint. *Id.* The court determined that the decision to file a second amended complaint was not based on counsel's alleged revelation, and it was well within the prosecution's authority to amend both the complaint and the offer after learning that one of Petitioner's prison priors also qualified as a prior strike conviction. *Id.*

### C. Legal Standard

In order to succeed on an ineffective assistance of counsel claim, the petitioner must satisfy the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), which requires him to show deficient performance and prejudice. Deficient performance requires a showing that trial counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional norms. *See Wiggins v. Smith*, 539 U.S. 510, 521 (2003). To establish prejudice, petitioner must show a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *See Strickland*, 466 U.S. at 694. If a petitioner cannot establish that defense counsel's performance was deficient, it is unnecessary for a federal court considering a habeas ineffective assistance claim to address the prejudice prong of the *Strickland* test. *See Siripongs v. Calderon*, 133 F.3d 732, 737 (9th Cir. 1998).

### D. Discussion

Petitioner's claim that counsel caused the prosecutor to file the second amended complaint by deliberately informing him that one of the prior prison terms alleged in the amended complaint also qualified as a prior strike conviction, is completely unfounded and has no support in the record. However, even though counsel conveyed the initial plea offer of ten years and four months and explained Petitioner's sentence exposure in terms of the complaint as charged at the time, she

6

arguably rendered deficient performance by not making it clear that his actual exposure under California's three strikes law was twenty-five years to life. *See Nunes v. Mueller*, 350 F.3d 1045, 1052 (9th Cir. 2003) (finding that a defendant has the right to make an informed decision once a plea has been put on the table). Nevertheless, Petitioner was not prejudiced by counsel's incomplete advisement. The prosecutor indicated that, based on the certified prior he had just received, he was withdrawing the initial offer and would be filing a second amended complaint alleging two prior strike convictions. Hab. Pet. Exh. A at 2. Therefore, even if Petitioner would have accepted the initial offer had he known his full exposure, the offer was withdrawn before he could accept it. In view of the prosecutor's decision, there is not a reasonable probability that the result of the proceeding would have been different had counsel advised Petitioner of his full exposure under California's three strikes law. *See Strickland*, 466 U.S. at 694. Accordingly, the state court's determination that Petitioner was not denied the effective assistance of counsel was not contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *Id.* at 687; *see* 28 U.S.C. § 2254(d).

Petitioner's request for an evidentiary hearing is denied. *See* 28 U.S.C. § 2254(e)(2).

## CONCLUSION

For the foregoing reasons, the Court DENIES the Petition for Writ of Habeas Corpus as to Petitioner's claim of ineffective assistance of counsel. A certificate of appealability will not issue. Reasonable jurists would not find "the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Court of Appeals. The Clerk shall enter judgment in favor of Respondent and close the file.

IT IS SO ORDERED.

DATED: July 26, 2013

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**