IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LEONARD IVY,<br>　　　　Petitioner,<br>　v.<br>DANIEL PARAMO, Warden,<br>　　　　Respondent.<br>　　　　　　　　　　　　　　　　　　　　／ | No. C 12-02195 YGR (PR)<br>**ORDER GRANTING EXTENSION OF TIME TO FILE AN APPEAL; AND REOPENING TIME TO FILE SUCH AN APPEAL** |

In an Order dated July 26, 2013, the Court denied Petitioner's habeas corpus petition and entered judgment. (Docket No. 14.) Petitioner did not file a timely Notice of Appeal.

Before the Court is Petitioner's motion entitled, "Application for Certificate of Appealability[1]; Motion for Leave to File Belated Notice of Appeal for Good Cause." (Docket No. 19.) The Court construes this motion as a request for an extension of time to file an appeal, as his Notice of Appeal, and as a request to reopen the time to file such an appeal under Federal Rule of Appellate Procedure 4(a)(6). Petitioner claims that it was only on December 19, 2013 when he received his copy of the Court's July 26, 2013 Order denying his habeas petition as well as the judgment. Petitioner claims that prior to that date, he was "wholly unaware of this Order and therefore could not file his appeal in the above entitled case." (Docket No. 19 at 3.) Therefore, on January 15, 2014, Petitioner filed the instant motion.

## DISCUSSION

Relief from the deadline for a timely notice of appeal may be obtained by a motion in the district court under Rule 4(a)(5) (motion for an extension of time) or 4(a)(6) (motion to reopen the time to file appeal). Rule 4(a)(5) allows a motion for an extension of time if the party requests it within thirty days of the expiration of the time to file the notice and shows excusable neglect or good cause. *See* Fed. R. App. P. 4(a)(5). The extension must be no later than thirty days after the original

---

[1] Petitioner's Application for a Certificate of Appealability has been terminated as moot because in its July 26, 2013 Order, the Court found that a Certificate of Appealability shall not issue. (Docket No. 14 at 7.)

deadline, or ten days after the entry of the order granting the motion, whichever is later. *See id.*

Rule 4(a)(6), which is entitled "Reopening the Time to File an Appeal," reads:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). Relief from the expiration of the time to appeal may not be sought after the 180-day period in Rule 4(a)(6) has expired. *See In re Stein*, 197 F.3d 421, 425 (9th Cir. 2000). Rule 4(a) is the exclusive avenue for relief from the expiration of the period to file a timely notice of appeal. *See id.* at 426-27 (Fed. R. Civ. Proc. 60(b) cannot be used to avoid the expiration of the 180-day time period). It must be enforced without distinction between counseled and uncounseled cases. *See Clark v. Lavallie*, 204 F.3d 1038, 1041 (10th Cir. 2000) (rejecting *pro se* prisoner's motion filed more than 180 days after entry of judgment).

In the instant case, Petitioner is entitled to an extension of time to file an appeal and, thus, the Court will reopen the time to file such an appeal. Pursuant to Rule 4(a)(6)(A), the Court finds that Petitioner was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry. (Docket No. 19 at 3.) Petitioner also meets the criteria under Rule 4(a)(6)(B) because Petitioner filed the instant motion within the 180-day time period after the judgment was entered. Finally, the Court finds that no party would be prejudiced if the Petitioner is granted an extension and if the Court reopens the time to file the appeal, under Rule 4(a)(6)(C).

Petitioner's motion was reflected as received by the Ninth Circuit Court of Appeals on January 9, 2014 and filed in this Court on January 15, 2014, as reflected in the Court's records. (Docket No. 19 at 1.) Because this filing date is after the deadline for a timely Notice of Appeal, the Court grants an extension for Petitioner to file an appeal and reopens the time to file the appeal.

2

1 Based on this Court's decision to construe Petitioner's motion as his Notice of Appeal and because
2 the time to file such an appeal has now been reopened, his Notice of Appeal is considered to be
3 timely filed.

### CONCLUSION

For the reasons above, the Court GRANTS Petitioner's request for an extension of time to file an appeal and reopens the time to file such an appeal, thus making Petitioner's Notice of Appeal timely filed *nunc pro tunc* to January 9, 2014. The Clerk of the Court shall docket Petitioner's motion (Docket No. 19) as his "Notice of Appeal" and shall mark it as filed on January 9, 2014, the date it was stamped as received by the Ninth Circuit. The Clerk shall then process the appeal.

IT IS SO ORDERED.

DATED: January 31, 2014

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**